PROGRESSIVE FINE ARTS Co. *v.* UNITED STATES (No. 3331)[1]

United States Court of Customs and Patent Appeals, December 19, 1930

*David D. Stansbury* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 17, 1930, by Mr. Stansbury and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Merchandise consisting of four original paintings was assessed for duty by the collector of the port of Milwaukee at 20 per centum ad valorem under paragraph 1449 of the Tariff Act of 1922.

The importer filed protest against such classification, claiming the merchandise to be free of duty under paragraph 1704 as original paintings.

The lower court overruled the protest and entered judgment accordingly. From such judgment the importer takes this appeal.

[1] T. D. 44506.

The two paragraphs of said tariff act in issue read as follows:

PAR. 1449. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same, statuary, sculptures, or copies, replicas, or reproductions thereof; and etchings and engravings; all the foregoing, not specially provided for, 20 per centum ad valorem.

PAR. 1704. Original paintings in oil, mineral, water or other colors, pastels, original drawings and sketches in pen, ink, pencil, or water colors, artists' proof etchings unbound, and engravings and woodcuts unbound, original sculptures or statuary, including not more than two replicas or reproductions of the same; but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptors only, whether in round or in relief, in bronze, marble, stone, terra cotta, ivory, wood, or metal, or whether cut, carved, or otherwise wrought by hand from the solid block or mass of marble, stone, or alabaster, or from metal, or cast in bronze or other metal or substance, or from wax or plaster, made as the professional productions of sculptors only; and the words "painting" and "sculpture" and "statuary" as used in this paragraph shall not be understood to include any articles of utility, nor such as are made wholly or in part by stenciling or any other mechanical process; and the words "etchings," "engravings," and "woodcuts" as used in this paragraph shall be understood to include only such as are printed by hand from plates or blocks etched or engraved with hand tools and not such as are printed from plates or blocks etched or engraved by photochemical or other mechanical processes.

Upon the trial below it was stipulated between the parties that the paintings, the subject of the protest, are oil paintings and are the original works of an artist.

Mr. A. R. Knop, a witness on behalf of the importer, testified that he was president of the appellee company; that its business was the making of offset color plates for the lithographic trade, reproducing oil paintings, pastels, water color, or any other colored photographs into plates for the production of photographs; that the paintings in question were imported solely for the purpose of reproducing the same in the form of lithographs. The plates made from the paintings were exported to Canada, and the paintings themselves were returned to the country of exportation after the plates were made.

Reproductions of the paintings in question were offered in evidence on behalf of the importer.

The Government offered no testimony.

The lower court in its opinion said:

Merchandise consisting of four original oil paintings was assessed for duty under paragraph 1449 of the Tariff Act of 1922. They are claimed to be free of duty under paragraph 1704 of the same law as original paintings. The only question in the case is as to whether they have a utilitarian purpose. Nothing has been shown, except the lithographic illustrations produced on the part of the plaintiff, to negative or combat the finding of the collector that they have such utilitarian purpose. We do not think the presumption attaching to the collector's assessment has been overcome. The protest is therefore overruled.

308

We think the lower court overlooked the effect of the stipulation entered into between the parties as to the character of the paintings in question, when considered in connection with the exhibits in evidence and the testimony in the case. Under that stipulation we must accept as a fact that the articles are oil paintings and are the original works of an artist. An examination of the exhibits which are reproductions of the paintings shows that the originals were nothing but paintings; that is, they were not a part of any other articles, and the fact that the testimony shows that they were imported only for the purpose of reproduction and then returned to the country of exportation indicates that the paintings, as originally conceived and executed, had no utilitarian purpose, and therefore were not articles of utility at the time of their exportation to the United States.

We think that the evidence produced by the importer was sufficient to negative the finding of the collector that the paintings were articles of utility, unless they should be held to be such by reason of their being used for a utilitarian purpose after importation. Under the Government's theory, a painting by Rembrandt or Corot, if imported for exhibition or sale, would be free; but if imported for the purpose of making reproductions of the same, after which the painting was to be returned to the gallery in Europe whence it came, it would be dutiable. No words can be found in the tariff act which would warrant such a construction of the phrase "articles of utility." We think the classification of the paintings must be determined by what they actually were at the time of importation and not by the use the importer made of them.

We hold that upon the record before us the articles in question were original paintings in oil, not articles of utility, and should be held to be free of duty under said paragraph 1704.

The judgment of the United States Customs Court is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.